IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HALLBROOK OFFICE CENTER,<br>a Kansas Limited Liability Company,<br><br>and<br><br>HALLBROOK COUNTRY CLUB<br>a Kansas Not-for-Profit Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BUILDER CONSULTING, d.b.a.<br>HALLBROOK REAL ESTATE<br>a Kansas Business Entity,<br><br>Defendants. | Case No.  08-CV-2636 CM/KGS<br><br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, TRADEMARK DILUTION, AND
VIOLATION OF THE FEDERAL ANTI-CYBERSQUATTING ACT**

Plaintiffs Hallbrook Office Center ("HOC") and Hallbrook Country Club

("HCC") (collectively, "Hallbrook") for their Verified Complaint against Defendant

Builder Consulting d/b/a Hallbrook Real Estate ("BC"), allege and state as follows:

**PARTIES**

1.    Plaintiff Hallbrook Office Center L.L.C., is a Kansas limited liability

company having its principal place of business at P.O. Box 419580, Dept. 323, Kansas

City, MO 64141-6580.

2.    Plaintiff Hallbrook Country Club is a Kansas not-for-profit corporation

having its principal place of business at 11300 Overbrook Road, Leawood, KS 66211.

3.    Defendant Builder Consulting is, on information and belief, a Kansas

limited liability company having its principal place of business at 14300 Kenneth Road

#210, Leawood, KS 66224.  Defendant sells its products and services, and/or advertises

its products or services in this District and the State of Kansas.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction for this action is based upon federal question

jurisdiction under 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121, in that this

is an action under the trademark laws of the United States, 15 U.S.C. § 1051, et seq.

Subject matter jurisdiction for state law claims is based upon 28 U.S.C. §§ 1338(b) and

§1367(a).

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) in that

Defendants are subject to personal jurisdiction in this District, and a substantial part of

the acts or omissions giving rise to these claims occurred in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

6.      Plaintiff HOC is the owner of the following federally registered

trademarks:

- HALLBROOK, Registration No. 1,570,253, for real estate development

  services; namely, development of a mixed-use real estate complex

  including retail, multi-family residential, single-family residential, and

  country club facilities and providing facilities for golf, tennis, and

  swimming; country club services;

- HALLBROOK REALTY, Registration No. 1,586,076, for real estate

  brokerage services;

- HALLBROOK FARMS, Registration No, 1,542,923, for real estate

  development services; namely, development of a mixed-use real estate

2

complex including multi-family residential and single-family residential facilities; and

- HALLBROOK OFFICE CENTER, Registration No. 1,953,475, for real estate development services, namely development of a commercial office complex.

7.      Plaintiff HCC has been licensed since 1993 by Plaintiff HOC and its predecessor to use the marks HALLBROOK and HALLBROOK FARMS in connection with country club services.  This is a sole license for the area within a 500 mile radius of the location of HCC.  Pursuant to the license, Plaintiff HCC uses the trade name HALLBROOK COUNTRY CLUB.

8.      Plaintiff HOC's HALLBROOK, HALLBROOK REALTY, HALLBROOK FARMS, and HALLBROOK OFFICE CENTER marks are collectively referred to herein as the "HOC Marks," and those marks in combination with Plaintiff HCC's HALLBROOK COUNTRY CLUB trade name are collectively referred to herein as the "Hallbrook Marks."

9.      Plaintiffs have used the Hallbrook Marks identified above continuously for over 15 years for a variety of services connected with commercial and residential real estate and country club services.  These marks have been used in interstate commerce throughout the United States in connection with Plaintiffs' goods and services to distinguish their goods and services from those of their competitors.  Plaintiffs have extensively promoted the Hallbrook Marks and made substantial sales of goods and services under the Hallbrook Marks.

3

10.     The Hallbrook Marks are widely recognized by consumers in the marketplace as an identifier of Plaintiffs' goods and services.  Plaintiffs enjoy substantial goodwill among the relevant trade and public in conjunction with the marks.

11.     Each of the federally registered HOC Marks identified above has been registered since at least 1996 and has become incontestable under 15 U.S.C. § 1065.

12.     Plaintiffs collectively own all rights and interests in the Hallbrook Marks, including the right to prevent the unauthorized use of the marks or of confusingly similar marks.

13.     In the summer of 2007, Plaintiff HOC discovered Defendant was operating the internet web site www.hallbrookrealestate.com (the "Web Site") for the purpose of advertising real estate and real estate brokerage services.  The Web Site's domain name is likely to cause confusion with the Hallbrook Marks.

14.     The Web Site contains repeated references to the Hallbrook real estate subdivision located in Leawood, Kansas, with which Defendant has no affiliation or relation.  In addition to further fostering confusion and infringing Plaintiffs' rights, the inclusion of these references to Hallbrook on the Web Site demonstrate Defendant's awareness of Plaintiffs' rights and, therefore, the willfulness of Defendant's actions.

15.     An attorney for Plaintiff HOC contacted Defendant via telephone and letter in July 2007 to request that Defendant cease its infringing actions.  Defendant, through its representative, Robert Jackson, provided assurances that the Defendant would comply with this request by disabling the infringing web site.  A copy of the July 23, 2007, letter from Al Hupp (counsel to Plaintiff HOC) to Robert Jackson is attached as

Exhibit A.  Ultimately, however, Defendant failed to comply with Plaintiff HOC's requests.

16.     On behalf of Plaintiff HOC, Al Hupp made a new request of Defendant to disable the Web Site and cease all infringing activities.  A copy of Al Hupp's October 15, 2008, letter to Robert Jackson for that purpose is attached as Exhibit B.  Defendant has again failed to disable the Web Site or comply with Plaintiff HOC's request.

17.     All of Defendant's actions are clearly designed to confuse the public that there is an affiliation between Defendant and Plaintiffs and are highly likely to accomplish that goal.

18.     Plaintiffs have not granted permission or otherwise authorized Defendant's use of the Hallbrook Marks.

19.     Defendant's use of the Hallbrook Marks constitute trademark infringement, a false designation of origin, and a false or misleading description or representation of fact, and is likely to deceive or cause confusion or mistake regarding the source, sponsorship, or affiliation of Defendant's goods and services, as well as those of Plaintiffs.

20.     Defendant has been clearly aware of Plaintiffs' Hallbrook Marks at all times during its infringing actions.

21.     Despite receiving repeated notice of Plaintiffs' rights, Defendant continues to willfully infringe Plaintiffs' Hallbrook Marks.  By continuing its infringing behavior after being informed of Plaintiffs' trademark rights, Defendant has willfully infringed Plaintiffs' Hallbrook Marks and demonstrated an intent to continue to willfully infringe,

5

dilute, and trade on the goodwill associated with Plaintiffs' names and the Hallbrook Marks.

22.     Defendant's acts have caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial.

23.     Defendant's acts have also caused and will cause severe and irreparable injury to the distinctiveness of the Hallbrook Marks, as well as the reputation and goodwill symbolized by same.  Unless enjoined by this Court, this irreparable harm to Plaintiffs will continue.

24.     Plaintiffs have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### [Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114, et seq.]

25.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 24 of this Complaint.

26.     Defendant's use of the Hallbrook Marks constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

27.     Defendant, through the actions described herein, has acted willfully.

## SECOND CLAIM FOR RELIEF
### [Violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]

28.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 27 of this Complaint.

29.     Defendant's use of the Hallbrook Marks constitutes a false designation of origin which is likely to cause confusion, mistake or create deception as to the affiliation, connection or association of Defendant with Plaintiffs' goods or services in violation of the Lanham Act, 15 U.S.C. § 1125(a).

CC 2056667v3

30.     Defendant, through the actions described herein, has acted willfully.

## THIRD CLAIM FOR RELIEF
### [Violation of the Federal Trademark Dilution Revision Act, 15 U.S.C. § 1125(c)]

31.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 30 of this Complaint.

32.     Through long and extensive interstate use and significant promotion and sales, Plaintiffs' distinctive Hallbrook Marks have become famous in connection with real estate development and brokerage service and country club services.

33.     Defendant began commercially using the Hallbrook Marks after they became famous without the consent or authorization of Plaintiffs.

34.     Defendant's use of the Hallbrook Marks is diluting the distinctive quality of the marks and constitutes trademark dilution under 15 U.S.C. § 1125(c).

35.     Defendant, through the actions described herein, has acted willfully.

## FOURTH CLAIM FOR RELIEF
### [State Trademark Infringement]

36.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 35 of this Complaint.

37.     Defendant's acts complained of herein constitute trademark infringement under the common law of State of Kansas.

38.     Defendant, through the actions described herein, has acted willfully.

## FIFTH CLAIM FOR RELIEF
### [State Trademark Dilution]

39.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 38 of this Complaint.

CC 2056667v3

40.     Defendant's acts complained of herein constitute trademark dilution under the Kansas antidilution laws, K.S.A. §81-214, et seq.

41.     Defendant, through the actions described herein, has acted willfully.

## SIXTH CLAIM FOR RELIEF
### [State Common Law Unfair Competition]

42.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 41 of this Complaint.

43.     Defendant's acts complained of herein constitute unfair competition under the common law of the State of Kansas.

44.     Defendant, through the actions described herein, has acted willfully.

## SEVENTH CLAIM FOR RELIEF
### [Cyberpiracy]

45.     Plaintiffs restate and incorporate herein the allegations of Paragraphs 1 through 44 of this Complaint.

46.     Plaintiffs are the owners of the distinctive and famous Hallbrook Marks, as detailed above, for use in connection with real estate development and brokerage services.

47.     Defendant has registered the internet domain name www.hallbrookrealestate.com in bad faith and with the bad faith intention to profit from such registration.  This domain name, as well as numerous unauthorized references to the Hallbrook Marks on the web page located at that domain name, are likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant is associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs, in violation of 15 U.S.C. § 1125(d).

8

48.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to Plaintiffs' great and irreparable injury.

## PRAYER

WHEREFORE, Plaintiff prays that this Court:

1.     Preliminarily and permanently enjoin Defendant, its agents, servants, employees, affiliates, licensees, attorneys, and all persons in active concert or participation with them or acting for, with, by, through, or under them, from infringing the Hallbrook Marks; from unfair competition with Plaintiffs or its affiliates; from falsely designating the origin of Defendant's goods and services; and specifically from:

(a)     Using the Hallbrook Marks, or any other mark or designation confusingly similar thereto, alone or in combination with any other letters, words, or marks, as a service mark on or in connection with real estate development and brokerage services or country club services;

(b)     Continuing to use the Hallbrook Marks, or any other confusingly similar marks, in connection with the marketing, sale, offer for sale, advertising, or promotion of  real estate development and brokerage services or country club services, or any related goods or services.

(c)     Committing any other acts calculated to cause consumers to believe that Defendant's goods and services are the goods and services of Plaintiffs or any of their affiliates or are in any manner sponsored, endorsed, licensed, or approved by Plaintiffs or associated with Plaintiffs' products or services;

9

CC 2056667v3

(d)     Further diluting and infringing the rights of Plaintiffs in and to the

Hallbrook Marks and damaging Plaintiffs' goodwill; and

(e)     Otherwise competing unfairly with Plaintiffs or their affiliates in

any manner.

2.     Require Defendant to immediately deactivate the web site

www.hallbrookrealestate.com and transfer ownership of said site to Plaintiff.

3.     Require Defendant to deliver up for destruction any products, equipment,

signs, prints, advertising, or other materials in its possession or under its control that use

any of the Hallbrook Marks, or other confusingly similar marks;

4.     Grant to Plaintiffs an accounting and award recovery of Defendant's

profits, any damages sustained by Plaintiffs, and the costs of this action, including

attorney's fees, together with a judgment for a sum above the amount found as actual

damages, not exceeding three times such amount as provided by 15 U.S.C. § 1117;

5.     Grant to Plaintiffs monetary damages sufficient to support corrective

advertising necessary to address the confusion created by Defendant's acts;

6.     Award punitive damages as may be determined just and equitable by the

Court;

7.     Require Defendant to account for all gains, profits, and advantages derived

from its acts of infringement and for its other violations of law and that all gains, profits,

and advantages so derived by Defendant be deemed to be held in constructive trust for

the benefit of Plaintiffs;

8.     Grant to Plaintiffs interest on the damages so awarded;

9.     Grant to Plaintiffs such further relief as the Court deems just and proper.

CC 2056667v3

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts.

DATED:  December 15, 2008

Respectfully submitted,

s/  R. Cameron Garrison

David V. Clark                KS #70014
Email: dclark@lathropgage.com
R. Cameron Garrison       KS #21128
Email: cgarrison@lathropgage.com

**LATHROP & GAGE L.C.**
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2684
Telephone:   (816) 292-2000
Telecopier:   (816) 292-2001

*Attorneys for Plaintiffs*

CC 2056667v3

VERIFICATION

STATE OF MISSOURI        )
                         ) ss.
COUNTY OF JACKSON        )

     Melvin J. Lavery, being first duly sworn, states that he is Manager of Hallbrook Office Center L.L.C., he has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, the allegations therein are true except for those matters stated to be upon information and belief and, as to those matters, he believes them to be true.


                                      Melvin J. Lavery

Subscribed and sworn to before me this 12th day of December, 2008.

                                      Name:
                                      Notary Public in and for Said County
                                      and State

My Commission Expires:

     4·21·2009

                    **LINDA COLEMAN**
               **Notary Public - Notary Seal**
                 **STATE OF MISSOURI**
                    **Jackson County**
       **My Commission Expires: April 21, 2009**
           **Commission # 05491748**

CC 2056667v3